**[J-16-2021] [MO: Baer, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 56 MAP 2020 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court dated February 24, |
| | : | 2020 at No. 3339 EDA 2018 |
| v. | : | affirming the PCRA Order of the |
| | : | Montgomery County Court of |
| | : | Common Pleas, Criminal Division, |
| JAMES HENRY COBBS, | : | dated October 23, 2018 at No. CP- |
| | : | 46-CR-287-1979. |
| Appellant | : | |
| | : | SUBMITTED: January 22, 2021 |

**CONCURRING OPINION**

**JUSTICE TODD**                                               **DECIDED: August 17, 2021**

I join the majority opinion with one caveat.

In the early 1970s, Appellant was sentenced to life imprisonment without parole ("LWOP") for felony murder, a crime he committed while he was a juvenile. The majority concludes, correctly in my view, that Appellant's LWOP sentence, having been invalidated by our high Court's decisions in *Miller v. Alabama,* 567 U.S. 460 (2012), and *Montgomery v. Louisiana,* 577 U.S. 190 (2016), cannot serve as the predicate for his 1979 conviction and sentence of assault by a life prisoner under 18 Pa.C.S. § 2704. Thus, that conviction and sentence must likewise be invalidated.

Having so concluded, the majority goes on to address the Commonwealth's argument that Appellant's post-*Miller* resentencing of 40 years to life for his murder conviction nonetheless constitutes "life imprisonment" for purposes of Section 2704, and thus can somehow serve to preserve the validity of his Section 2704 conviction. I struggle

to precisely characterize the Commonwealth's argument in this regard, and that is my point: While, under *Montgomery*, *Miller* retroactively applies to invalidate Appellant's LWOP sentence for felony murder and, thus, his Section 2704 conviction, the Commonwealth does not cite, nor does the majority offer, a retroactivity principle that would allow Appellant's *decades-later* 40-years-to-life sentence to, in effect, be swapped for and retroactively replace the invalidated LWOP sentence, so as to save Appellant's Section 2704 conviction from infirmity. I am dubious about such a proposition. Nevertheless, as I agree with the majority that, for purposes of Section 2704, a sentence of 40 years to life is *not* equivalent to life imprisonment, the Commonwealth's novel retroactivity contention is of no moment here. With that noted exception, I join the majority opinion.